IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESUS BLANCO-CEPERO,** | : | CIVIL ACTION NO. 1:21-CV-1473 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN THOMPSON and** | : | |
| **ICE SUB OFFICE,** | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2241, in which petitioner Jesus Blanco-Cepero challenges a detainer issued by United States Immigration and Customs Enforcement ("ICE"). The court will summarily dismiss the petition because the court does not have jurisdiction to grant habeas corpus relief.

**I. Factual Background & Procedural History**

Blanco-Cepero is a Cuban national and federal prisoner currently incarcerated in the Allenwood Federal Correctional Institution in Allenwood, Pennsylvania ("FCI-Allenwood") pursuant to a sentence imposed by the United States District Court for the District of Puerto Rico. (See Doc. 1; see also United States v. Blanco-Cepero, No. 3:15-CR-113 (D.P.R. filed Feb. 11, 2015). Blanco-Cepero alleges that ICE has lodged a detainer against him that is preventing him from being transferred to a half-way house. (Doc. 1). He asserts that the detainer was lodged in error and should be removed because his status as a Cuban national means that he will not be removed from the United States. (Id.)

II. **Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

III. **Discussion**

Blanco-Cepero is plainly not entitled to habeas corpus relief. Petitioners may only obtain habeas corpus relief pertaining to ICE detainers if they are in custody pursuant to those detainers. Green v. Apker, 153 F. App'x 77, 79 (3d Cir. 2005) (nonprecedential). The United States Court of Appeals has held in several nonprecedential opinions that detainees are not in custody pursuant to ICE detainers when they are still serving separate criminal sentences in state or federal prison. See id.; Korac v. Warden Fairton FCI, 814 F. App'x 722, 723 (3d Cir. 2020); Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 51 (3d Cir. 2016); James v. Dist. Att'y York Cty., 594 F. App'x 66, 66 (3d Cir. 2015). We agree with the *ratio decidendi* of these courts and conclude that we do not have jurisdiction to consider Blanco-Cepero's petition because he is not in custody pursuant to his ICE detainer.

## IV. Conclusion

We will dismiss Blanco-Cepero's petition without prejudice for lack of subject matter jurisdiction.  An appropriate order shall issue.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner
        United States District Judge
        Middle District of Pennsylvania

Dated:	September 2, 2021